TODD A. NOAH (SBN 152328)
TED K. JOE (242589)
DERGOSITS & NOAH LLP
Four Embarcadero Center, Suite 1450
San Francisco, California 94111
Tel: (415) 705-6377
Fax: (415) 705-6383
E-mail: tnoah@dergnoah.com
         tjoe@dergnoah.com

Attorneys for Plaintiff
SLIDE, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SLIDE, INC.

      Plaintiff,

vs.

PAID POST, INC.; LAWRENCE LEE; and
JASON WARD

      Defendants.

Case No. CV 08 3262 HRL

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

**DEMAND FOR JURY TRIAL**

Plaintiff Slide, Inc. ("Slide") complains against Defendants Paid Post, Inc., Lawrence Lee and Jason Ward as follows:

**THE PARTIES**

1. Plaintiff Slide, Inc. is a Delaware corporation having a principal place of business at 612 Howard Street, 4th Floor, San Francisco, California 94105.

2. Upon information and belief, defendant Paid Post, Inc. ("Paid Post") is a New Jersey corporation having a principal place of business at 784 Morris TPK, Suite 324, Short Hills, New Jersey 07078.

-1-

COMPLAINT

3.  Upon information and belief, defendant Lawrence Lee ("Lawrence Lee") is an individual residing at 850 N Randolph Street, Apt. 1832, Arlington, Virginia 22203.

4.  Upon information and belief, defendant Jason Ward ("Ward") is an individual residing at 125 W. Buchanan Avenue, Charleston, IL 61920.

**JURISDICTION AND VENUE**

5.  This Court has jurisdiction of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and 1338(b), in that this case arises under the Trademark Laws of the United States, 15 U.S.C. §1051 et seq.

6.  Venue is proper in this Court under 28 U.S.C. § 1391(b) because defendants all transact business in this district and because a substantial part of the events giving rise to the claims asserted herein arose in this district.

**FIRST COUNT- TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114(a); Lanham Act § 32)**

**Facts Common to All Defendants**

7.  Slide is the owner of the mark TOP FRIENDS and has been continuously using the mark in interstate commerce since at least as early as June, 2007 in connection with software for the enhancement of the experience of online browsing of products and services and shopping by allowing users to deliver and receive recommendations, reviews and advice on social networking sites; providing on-line non-downloadable computer programs for sending, creating, receiving, customizing and personalizing digital images, computer graphics, text, metadata, video and photographs, and hyperlinks and hyperlinked files, via a computer and communications network.

8.  The TOP FRIENDS trademark is registered in the United States Patent and Trademark office as U.S. Registration Nos. 3388100 and 3439926. (Exhibit A.)

9.  Since Slide began using the mark TOP FRIENDS, it has become widely known by users on social network websites such as www.facebook.com and www.myspace.com. Slide has devoted

-2-

substantial time, money and effort to establish and maintain the quality of its application associated with the TOP FRIENDS trademark.

10. Slide has spent substantial money in advertising and otherwise promoting the application associated with the TOP FRIENDS trademark. As a result, Slide has established valuable goodwill in its business and in its TOP FRIENDS trademark, which has been favorably received by the public.

**Infringement by Defendant Paid Post, Inc.**

11. Plaintiff Slide hereby incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1-10 above.

12. Defendant Paid Post, Inc. has adopted and is using the designation MY TOP FRIENDS in connection with its social networking application on www.facebook.com. The acts of infringement by defendant Paid Post have been committed with the intent to cause confusion, mistake and to deceive. Such acts of infringement are in violation of 15 U.S.C. § 1114(a).

13. On information and belief, defendant Paid Post had knowledge of Slide's use of the mark TOP FRIENDS for its application on www.facebook.com well prior to defendant Paid Post's adoption and use of the MY TOP FRIENDS designation.

14. On June 28, 2008, defendant Paid Post filed an application with the United States Patent & Trademark Office seeking to register the term MY TOP FRIENDS as a brand name for the identical services set forth in Slide's trademark registrations. (Exhibit B.) In its application, Paid Post claims a date of first use of June 27, 2008.

15. Slide is aware of actual instances of confusion in the marketplace as a result of defendant's MY TOP FRIENDS application on www.facebook.com.

16. By reason of defendant Paid Posts' acts as alleged herein, Slide has suffered and will continue to suffer damage to its business, reputation and goodwill and the loss of sales and profits Slide would have made but for defendant Paid Post's acts.

17. Defendant Paid Post threatens to continue the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Slide's irreparable damage. It would be difficult to ascertain the amount of compensation that could afford Slide adequate relief for such continuing acts,

-3-

and a multiplicity of judicial proceedings would be required. Slide's remedy at law is not adequate to compensate it for injuries threatened.

### Infringement by Defendant Lawrence Lee

18. Plaintiff Slide hereby incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1-10 above.

19. Defendant Lee has adopted and is using the designation TOP FRIENDS! in connection with its social networking application on www.facebook.com. The acts of infringement by defendant Lee have been committed with the intent to cause confusion, mistake and to deceive. Such acts of infringement are in violation of 15 U.S.C. § 1114(a).

20. On information and belief, defendant Lee had knowledge of Slide's use of the mark TOP FRIENDS for its application on www.facebook.com well prior to defendant Lee's adoption and use of the TOP FRIENDS! designation.

21. Slide is aware of actual instances of confusion in the marketplace as a result of defendant Lee's TOP FRIENDS! application on www.facebook.com.

22. By reason of defendant Lee's acts as alleged herein, Slide has suffered and will continue to suffer damage to its business, reputation and goodwill and the loss of sales and profits Slide would have made but for defendant Lee's acts.

23. Defendant Lee threatens to continue the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Slide's irreparable damage. It would be difficult to ascertain the amount of compensation that could afford Slide adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required. Slide's remedy at law is not adequate to compensate it for injuries threatened.

### Infringement by Defendant Jason Ward

24. Plaintiff Slide hereby incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1-10 above.

25.     Defendant Jason Ward has adopted and is using the designations TOP FRIEND GO AROUND, TOP FRIEND LOOP, TOP FRIEND GLIDE and TOP FRIEND FLOW in connection with its social networking applications on www.myspace.com. The acts of infringement by defendant have been committed with the intent to cause confusion, mistake and to deceive. Such acts of infringement are in violation of 15 U.S.C. § 1114(a).

26.     On information and belief, defendant Ward had knowledge of Slide's use of the mark TOP FRIENDS for its application on www.myspace.com well prior to defendant Ward's adoption and use of the "Top Friend" designations.

27.     Slide is aware of actual instances of confusion in the marketplace as a result of defendant Ward's "Top Friend" applications on www.myspace.com.

28.     By reason of defendant Ward's acts as alleged herein, Slide has suffered and will continue to suffer damage to its business, reputation and goodwill and the loss of sales and profits Slide would have made but for defendant Ward's acts.

29.     Defendant Ward threatens to continue the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Slide's irreparable damage. It would be difficult to ascertain the amount of compensation that could afford Slide adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required. Slide's remedy at law is not adequate to compensate it for injuries threatened.

### SECOND COUNT- TRADEMARK INFRINGEMENT
### AGAINST DEFENDANT LEE
### (15 U.S.C. § 1125(a); Lanham Act § 43(a))

30.     Plaintiff Slide hereby incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1-10 above.

31.     Slide is the owner of the "Blue Star" design and has been continuously using the mark in interstate commerce since at least as early as June, 2007 in connection with its TOP FRIENDS application on www.facebook.com and www.myspace.com.

COMPLAINT

32. Defendant Lee has infringed upon Slide's "Blue Star" design by various acts, including using a confusingly similar Blue Star design in connection with its social networking application on www.facebook.com.

33. Defendant Lee had knowledge of Slide's use of "Blue Star" design for its application on www.facebook.com well prior to defendant Lee's adoption and use of a confusingly similar design.

34. The acts of infringement by defendant Lee have been committed with the intent to cause confusion, mistake and to deceive.

35. The acts of infringement by defendant Lee create a likelihood of confusion between Slide's use of the Blue Star design and the use of a confusingly similar design by defendant Lee.

36. By reason of defendant Lees' acts as alleged herein, Slide has suffered and will continue to suffer damage to its business, reputation and goodwill and the loss of sales and profits Slide would have made but for defendant Lees' acts.

37. Defendant Lee threatens to continue the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Slide's irreparable damage. It would be difficult to ascertain the amount of compensation that could afford Slide adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required. Slide's remedy at law is not adequate to compensate it for injuries threatened.

### THIRD COUNT- UNFAIR COMPETITION
### INFRINGEMENT OF COMMON LAW RIGHTS – ALL DEFENDANTS

38. Plaintiff Slide hereby incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1-10 above.

39. The acts of all defendants constitute unfair competition and infringement of Slide's common law rights in the mark.

40. Defendants have infringed Slide's mark as alleged herein with the intent to deceive the public into believing that services provided by defendants are made by, approved by, sponsored by or affiliated with Slide. Defendants' acts as alleged herein were committed with the intent to pass off and palm off defendants' services as the services of Slide, and with the intent to deceive and to defraud the public.

41. Defendants' actions have been damaged, and unless enjoined, will continue to damage Slide's business, reputation and attendant goodwill in an amount to be determined at trial. Slide has no adequate remedy at law.

## FOURTH COUNT- UNFAIR COMPETITION
## INFRINGEMENT OF COMMON LAW RIGHTS –DEFENDANT LEE

42. Plaintiff Slide hereby incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1-10 above.

43. The acts of defendant Lee constitute unfair competition and infringement of Slide's common law rights in the "Blue Star" design mark.

44. Defendant Lee has infringed Slide's "Blue Star" design mark as alleged herein with the intent to deceive the public into believing that services provided by defendant Lee are made by, approved by, sponsored by or affiliated with, Slide. Defendant Lee's acts as alleged herein were committed with the intent to pass off and palm off defendant Lee's services as the services of Slide, and with the intent to deceive and to defraud the public.

45. Defendant Lee's actions have been damaged, and unless enjoined, will continue to damage Slide's business, reputation and attendant goodwill in an amount to be determined at trial. Slide has no adequate remedy at law.

## FIFTH COUNT- UNFAIR COMPETITION UNDER
## CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ.
## ALL DEFENDANTS

46. Plaintiff hereby incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1-10 above.

47. The aforementioned acts of defendants constitute unfair competition under California Business & Professions Code §§ 17200 *et seq.*

48. Defendants' actions have been damaged, and unless enjoined, will continue to damage plaintiff's business, reputation and attendant goodwill. Slide has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Slide prays for a judgment against defendants as follows:

A.  That each defendant be enjoined from using the term "Top Friends" in any combination in connection with applications posted on social networks, including but not limited to www.facebook.com and www.myspace.com;

B.  That defendant Paid Post be ordered to withdraw its federal trademark application;

C.  That Slide be awarded defendants' profits and all damages sustained by Slide by reason of the infringement by defendants and that such damages or profits, whichever is greater, be trebled under 15 U.S.C. § 1117(b) due to the willful and deliberate character of this infringement;

D.  That this case be declared exceptional and Slide be awarded its costs, expenses and attorneys fees incurred in connection with this action under 15 U.S.C. § 1117(a);

E.  For an award of prejudgment interest on the above damages award; and

F.  That Slide be awarded such further relief as the Court deems just and proper.

Dated: July 7, 2008                    DERGOSITS & NOAH LLP

                                       By: _____
                                       Todd A. Noah
                                       Attorneys for Plaintiff
                                       SLIDE, INC.

## DEMAND FOR JURY TRIAL

Plaintiff Slide, Inc. hereby requests a jury trial on all issues set forth herein.

Dated: July 7, 2008                    DERGOSITS & NOAH LLP

                                       By: _____
                                       Todd A. Noah
                                       Attorneys for Plaintiff
                                       SLIDE, INC.

COMPLAINT

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

**United States Patent and Trademark Office**

Reg. No. 3,388,100
Registered Feb. 26, 2008

## TRADEMARK
### PRINCIPAL REGISTER

# Top Friends

SLIDE, INC. (DELAWARE CORPORATION)
612 HOWARD STREET, 4TH FLOOR
SAN FRANCISCO, CA 94105

FOR: COMPUTER PROGRAMS FOR THE ENHANCEMENT OF THE EXPERIENCE OF ONLINE BROWSING OF PRODUCTS AND SERVICES AND SHOPPING BY ALLOWING USERS TO DELIVER AND RECEIVE RECOMMENDATIONS, REVIEWS AND ADVICE ON SOCIAL NETWORKING SITES; AND COMPUTER PROGRAMS FOR SENDING, CREATING, RECEIVING, CUSTOMIZING AND PERSONALIZING DIGITAL IMAGES, COMPUTER GRAPHICS, TEXT, METADATA, VIDEO AND PHOTOGRAPHS, AND HYPERLINKS AND HYPERLINKED FILES, VIA A COMPUTER AND COMMUNICATIONS NETWORK, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 6-1-2007; IN COMMERCE 6-1-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "FRIENDS", APART FROM THE MARK AS SHOWN.

SER. NO. 77-196,331, FILED 6-3-2007.

MATTHEW MCDOWELL, EXAMINING ATTORNEY

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

**United States Patent and Trademark Office**

Reg. No. 3,439,926
Registered June 3, 2008

## SERVICE MARK
PRINCIPAL REGISTER

# Top Friends

SLIDE, INC. (DELAWARE CORPORATION)
612 HOWARD STREET, SUITE 400
SAN FRANCISCO, CA 94105

FOR: PROVIDING ON-LINE NON-DOWNLOADABLE SOFTWARE FOR THE ENHANCEMENT OF THE EXPERIENCE OF ONLINE BROWSING OF PRODUCTS AND SERVICES AND SHOPPING BY ALLOWING USERS TO DELIVER AND RECEIVE RECOMMENDATIONS, REVIEWS AND ADVICE ON SOCIAL NETWORKING SITES; PROVIDING ON-LINE NON-DOWNLOADABLE COMPUTER PROGRAMS FOR SENDING, CREATING, RECEIVING, CUSTOMIZING AND PERSONALIZING DIGITAL IMAGES, COMPUTER GRAPHICS, TEXT, METADATA, VIDEO AND PHOTOGRAPHS, AND HYPERLINKS AND HYPERLINKED FILES, VIA A COMPUTER AND COMMUNICATIONS NETWORK, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 6-15-2007; IN COMMERCE 6-15-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 77-286,313, FILED 9-21-2007.

TOBY BULLOFF, EXAMINING ATTORNEY

Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 06/30/2008)

# Trademark/Service Mark Application, Principal Register

Serial Number: 77510551
Filing Date: 06/28/2008

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| SERIAL NUMBER | 77510551 |
| **MARK INFORMATION** | |
| MARK | My Top Friends |
| STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | My Top Friends |
| MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **APPLICANT INFORMATION** | |
| OWNER OF MARK | PaidPost Inc |
| STREET | 784 Morris TPKE, STE# 324 |
| CITY | Short Hills |
| STATE (Required for U.S. applicants) | New Jersey |
| COUNTRY | United States |
| ZIP/POSTAL CODE (Required for U.S. applicants only) | 07078 |
| EMAIL ADDRESS | andrew@madloch.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| **LEGAL ENTITY INFORMATION** | |
| TYPE | CORPORATION |
| STATE/COUNTRY OF INCORPORATION | New Jersey |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| INTERNATIONAL CLASS | 042 |
| DESCRIPTION | Providing on-line non-downloadable software for the enhancement of the experience of online browsing of products and services and shopping by allowing users to deliver and receive recommendations, reviews and advice on social networking sites; providing on-line non-downloadable computer programs for sending, creating, receiving, |

| | |
|---|---|
| | customizing and personalizing digital images, computer graphics, text, metadata, video and photographs, and hyperlinks and hyperlinked files, via a computer and communications network |
| FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 06/27/2008 |
| FIRST USE IN COMMERCE DATE | At least as early as 06/27/2008 |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT2\IMAGEOUT2\775\105\77510551\xml1\AP P0003.JPG |
| SPECIMEN DESCRIPTION | Screenshot from application web page page |
| ADDITIONAL STATEMENTS SECTION | |
| DISCLAIMER | No claim is made to the exclusive right to use Top Friends apart from the mark as shown. |
| CORRESPONDENCE INFORMATION | |
| NAME | PaidPost Inc |
| FIRM NAME | PaidPost Inc |
| STREET | 784 Morris TPKE, STE# 324 |
| CITY | Short Hills |
| STATE | New Jersey |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 07078 |
| EMAIL ADDRESS | andrew@madloch.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| FEE INFORMATION | |
| NUMBER OF CLASSES | 1 |
| FEE PER CLASS | 325 |
| TOTAL FEE DUE | 325 |
| TOTAL FEE PAID | 325 |
| SIGNATURE INFORMATION | |
| SIGNATURE | /Andrzej Madloch/ |
| SIGNATORY'S NAME | Andrzej Madloch |
| SIGNATORY'S POSITION | President |
| DATE SIGNED | 06/28/2008 |

## Trademark/Service Mark Application, Principal Register

Serial Number: 77510551
Filing Date: 06/28/2008

o the Commissioner for Trademarks:

ARK: My Top Friends (Standard Characters, see mark)
ιe literal element of the mark consists of My Top Friends.
ιe mark consists of standard characters, without claim to any particular font, style, size, or color.
ιe applicant, PaidPost Inc, a corporation of New Jersey, having an address of 784 Morris TPKE, STE# 324, Short Hills, New Jersey, United ates, 07078, requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Princip ₴gister established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.
    International Class 042: Providing on-line non-downloadable software for the enhancement of the experience of online browsing of products d services and shopping by allowing users to deliver and receive recommendations, reviews and advice on social networking sites; providing ι-line non-downloadable computer programs for sending, creating, receiving, customizing and personalizing digital images, computer graphics, xt, metadata, video and photographs, and hyperlinks and hyperlinked files, via a computer and communications network
ιe in Commerce: The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, or ∍ applicant's predecessor in interest used the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section ١51(a), as amended.
    International Class 042, the mark was first used at least as early as 06/27/2008 and first used in commerce at least as early as 06/27/2008 and is ιw in use in such commerce. The applicant is submitting or will submit one specimen for *each class* showing the mark as used in commerce on o connection with any item in the class of listed goods and/or consisting of a(n) Screenshot from application web page page.
ιecimen File1
Ͻ claim is made to the exclusive right to use Top Friends apart from the mark as shown.
ϽIrespondence Information:        PaidPost Inc
                                  784 Morris TPKE, STE# 324
                                  Short Hills, New Jersey 07078
                                  andrew@madloch.com (authorized)
fee payment in the amount of $325 has been submitted with the application, representing payment for 1 class(es).

### Declaration

ιe undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration clares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of th₴ ιdemark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to b₴ titled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right t₴ e the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection th the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own ιowledge are true; and that all statements made on information and belief are believed to be true.
gnature: /Andrzej Madloch/   Date Signed: 06/28/2008
gnatory's Name: Andrzej Madloch
gnatory's Position: President
٨M Sale Number: 4988
٨M Accounting Date: 06/30/2008
:rial Number: 77510551
ternet Transmission Date: Sat Jun 28 00:06:24 EDT 2008
₴AS Stamp: USPTO/BAS-65.202.218.130-200806280006243
١897-77510551-400bcc886b2764af10e640851
85eef60-CC-4988-20080627234328674186

# My Top Friends

Case 5:08-cv-03262-HRL    Document 1-3    Filed 07/07/2008    Page 5 of 5



08-3262 HRL

# CIVIL COVER SHEET

JS 44 (Rev. 12/07) (cand rev 1-16-08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**I. (a) PLAINTIFFS**
SLIDE, INC.

**DEFENDANTS**
PAID POST, INC., et al.

**(b)** County of Residence of First Listed Plaintiff  San Francisco
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Essex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Dergosits & Noah LLP
Four Embarcadero Center, Suite 1450
San Francisco, CA 94111
(415) 705-6377

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury— Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability / 365 Personal Injury — Product Liability | 625 Drug Related Seizure of Property 21 USC 881 |  | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine / PERSONAL PROPERTY | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability / 370 Other Fraud | 660 Occupational Safety/Health | [x] 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 371 Truth in Lending | 690 Other |  | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury / 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability |  | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise |  | 730 Labor/Mgmt.Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment | Habeas Corpus: |  | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations | 530 General | FEDERAL TAX SUITS | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 540 Mandamus & Other | 871 IRS—Third Party 26 USC 7609 | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities – Other | 550 Civil Rights / 555 Prison Condition | IMMIGRATION | 950 Constitutionality of State Statutes |
|  | 440 Other Civil Rights |  | 462 Naturalization Application |  |
|  |  |  | 463 Habeas Corpus – Alien Detainee |  |
|  |  |  | 465 Other Immigration Actions |  |

**V. ORIGIN** (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1114(a)
Brief description of cause:
Trademark Infringement and Unfair Competition

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY**
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)
[x] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE July 7, 2008

SIGNATURE OF ATTORNEY OF RECORD